**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Derrick Thomas,

      Plaintiff,                                           Case No. 1:17cv411

      v.                                                Judge Michael R. Barrett

Papa John's International, Inc., *et al.*,

      Defendants.

## OPINION & ORDER

This matter is before the Court upon the Motion to Dismiss/Transfer the Case to the Southern District of New York, or Stay the Case filed by Defendant Papa John's International, Inc. (Doc. 10); the Motion to Dismiss, Transfer or Stay the Case filed by Defendants It's Only Downtown Pizza, LLC, It's Only Pizza, Inc., It's Only Downtown Pizza, II Inc., It's Only Papa's Pizza LLC and Michael Hutmier (the "Franchisee Defendants") (Doc. 12); and the Motion to Strike, or In The Alternative, to Stay Plaintiff's Motion for Conditional Certification filed by Defendant Papa John's International, Inc. (Doc. 25). These motions have been fully briefed. (Docs. 19, 20, 21, 22, 28, 33, 36, 38).

    **I.**        **BACKGROUND**

Plaintiff Derrick Thomas brought this lawsuit on behalf of himself and other delivery drivers at the Papa John's franchise locations in Cincinnati owned by It's Only Downtown Pizza, Inc., It's Only Pizza, Inc., It's Only Papa's Pizza LLC, and/or Michael Hutmier. (Doc. 1, ¶ 220). Plaintiff bring claims against these franchisees and Papa John's International, Inc. under the Fair Labor Standards Act ("FLSA") and Ohio law.

Plaintiff alleges that Defendants maintained a policy and practice of failing to reimburse delivery drivers for costs and expenses which caused Plaintiff's and similarly situated delivery drivers' wages to fall below minimum wage.

Defendants have moved to dismiss this case for improper venue or transfer it to the Southern District of New York for consolidation with another lawsuit, *Durling v. Papa John's International, Inc.*, No. 7:16 Civ. 3592 (S.D.N.Y.) ("*Durling*"). The plaintiffs in *Durling* seek to certify a nationwide collective action on behalf of individuals who are employed as delivery drivers in corporate and franchise-owned Papa John's restaurants. The *Durling* plaintiffs claim violations of the FLSA and state minimum wage laws based on franchise-wide policies and procedures which result in delivery drivers being "systematically under-reimbursed for vehicular wear and tear, gas, and other driving-related expenses." (Doc. 10-3). The *Durling* plaintiffs seek to hold Papa John's liable as a joint employer of corporate employees and employees of franchisees. None of the named plaintiffs in *Durling* worked for any of the franchisees named in this case. However, the *Durling* plaintiffs sought conditional certification, pursuant to 29 U.S.C. § 216(b), of an FLSA collective consisting of all delivery drivers who work, or have worked, at both corporate and franchisee Papa John's stores.

On March 17, 2018, the *Durling* court denied the plaintiffs' motion to conditionally certify a nationwide collective action, which would have included the drivers in this case. (Doc. 29). Instead, on August 3, 2018, the *Durling* court granted the plaintiffs' motion for conditional certification, but certification was limited to employees of "corporate-owned Papa John's stores and jointly owned Papa John's stores where Defendant is the majority owner." Defendants argue that this decision in *Durling* does not alter the

analysis or application of the first-to-file rule in this case.

## II. ANALYSIS

Defendants bring their Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), which provides that a defendant may move to dismiss for improper venue.

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). In determining whether the first-to-file rule warrants a dismissal or transfer, courts usually consider: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues in each case. *Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

Defendants argue that the decision in *Durling* does not impact the first-to-file rule's applicability because the *Durling* plaintiffs have not abandoned the claims of delivery drivers employed by franchisees. Defendants point out that the operative complaint in *Durling* still sets forth a joint-employer theory of liability against Papa John's. Defendants maintain that as a result, both cases will adjudicate the issue of whether Papa John's is liable for the alleged minimum wage violations as a joint-employer.

It seems that there is little dispute that the plaintiffs in both cases are bringing an FLSA claim pursuant to the same theory: Papa John's failed to adequately reimburse delivery drivers for expenses thereby paying delivery drivers below the minimum wage. Both the *Durling* plaintiffs and Plaintiff in this case have sought to bring their claims as

3

collective actions.  However, the practical effect of the August 3, 2018 order in the *Durling* case which granted the plaintiffs' motion for conditional certification is that the *Durling* plaintiffs are only proceeding with their claims against corporate-owned Papa John's stores and jointly owned Papa John's stores, while in this case, Plaintiff is proceeding against Papa John's and specific franchises.  Neither Plaintiff nor the Franchisee Defendants are a part of the *Durling* case.  There is no similarity of the parties involved, other than Defendant Papa John's International, Inc.  Therefore, the Court concludes that the first-to-file rule has no application in this case.

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant Papa John's International, Inc.'s Motion to Dismiss/Transfer the Case to the Southern District of New York, or Stay the Case (Doc. 10) is **DENIED**;

2. Defendants It's Only Downtown Pizza, LLC, It's Only Pizza, Inc., It's Only Downtown Pizza, II Inc., It's Only Papa's Pizza LLC and Michael Hutmier's Motion to Dismiss, Transfer or Stay the Case (Doc. 12) is **DENIED**; and

3. Defendant Papa John's International, Inc.'s Motion to Strike, or In the Alternative, To Stay Plaintiff's Motion for Conditional Certification filed by (Doc. 25) is **DENIED as MOOT**.  Defendants shall file any response to Plaintiff's Motion to Certify Class (Doc. 24) within twenty-one (21) days of entry of this Order.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT