UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Derrick Thomas,

    Plaintiff,                             Case No. 1:17cv411

    v.                                     Judge Michael R. Barrett

Papa John's International, Inc., *et al.*,

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice. (Doc. 24). Defendant Papa John's International, Inc. and Defendants It's Only Downtown Pizza, Inc., It's Only Pizza, Inc., It's Only Downtown Pizza II. Inc., It's Only Papa's Pizza LLC and Michael Hutmier filed a Responses in Opposition. (Docs. 43, 44). Plaintiff filed a Reply (Doc. 46).

**I.    BACKGROUND**

Plaintiff Derrick Thomas brought this lawsuit on behalf of himself and other delivery drivers at nine Papa John's stores located in Cincinnati owned and operated by It's Only Downtown Pizza, Inc., It's Only Pizza, Inc., It's Only Papa's Pizza LLC, and/or Michael Hutmier (the "Franchisee Defendants"). (Doc. 1, ¶ 220). Plaintiff also brings claims against the franchisor of the Papa John's restaurants, Papa John's International, Inc. ("PJI"), under a theory of joint-employer liability. Plaintiff alleges that Defendants maintained policies and practices which caused Plaintiff's and similarly situated delivery drivers' wages to fall below minimum wage in violation of the Fair Labor Standards Act ("FLSA") and Ohio law. Specifically, Plaintiff claims that Defendants: (1) paid delivery

drivers less than full minimum wage and relied on a "tip credit" in order to count some of the delivery drivers' tips to make up the difference between what Defendants paid and full minimum wage; (2) paid delivery drivers a flat per-delivery reimbursement amount for each delivery they completed; and (3) took deductions from delivery drivers' wages for a "UNIFORM FEE," that resulted in their wages falling below minimum wage.

Plaintiff moves to conditionally certify the following FLSA collective class: All non-owner, non-employer delivery drivers who worked for Defendants at any "It's Only" Papa John's Pizza location from June 16, 2014 to present.

## II. ANALYSIS

The FLSA provides a private cause of action against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Neither the FLSA nor the Sixth Circuit has defined "similarly situated." *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). Courts typically determine whether plaintiffs are similarly situated in two stages: the first, the "initial notice stage" or "conditional certification stage" takes place at the beginning of discovery and the second, following discovery, is the stage in which courts will examine more closely the question of whether particular members of a class are, in fact, "similarly situated." *See e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). Since the court has little evidence in the first phase, the determination is made using a fairly lenient standard typically resulting in "conditional certification of a representative class." *See id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000)). During the second phase, following discovery, "the court has much more information on which to base its decision

and, as a result, [it] employs a stricter standard." *Morisky*, 111 F.Supp. at 497. At the second stage, the defendant may file a motion to decertify the class "if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).

Defendants contend that Plaintiff has not met his burden of showing that a collective action should be conditionally certified. Defendants also argue that even if the Court grants Plaintiff's motion for conditional certification, the court-authorized notice sought by Plaintiff is flawed.

### A. Evidentiary support

The Franchisee Defendants argue that Plaintiff has not carried his evidentiary burden of showing that the opt-in plaintiffs are similarly situated because he relies exclusively on conclusory, generalized allegations in the Complaint and his declaration. The Franchisee Defendants point out that Plaintiff has not submitted a declaration or affidavit from any other delivery drivers.

This Court has recognized that "there is no threshold requirement for a certain number of affidavits from employees to certify conditionally a collective action." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 892 (S.D. Ohio 2016); *see also Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 875 (S.D. Ohio 2017) ("There is no requirement that a motion for conditional certification, at this stage of the litigation, be supported by affidavits of interest from potential plaintiffs."). The absence of such a requirement makes sense in light of the Sixth Circuit's direction that the first phase of the two-phase certification inquiry is to take place "at the *beginning* of discovery." 201 F. Supp. 3d at 892 (quoting *Comer*, 454 F.3d at 546) (emphasis added)).

As to the nature of the allegations contained in Plaintiff's declaration, the Court notes that at the first stage of the certification inquiry, "[t]he plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D.Ohio 2002)). As such, conditional certification at this stage of the proceedings "'need only be based on a modest factual showing,'" *id.* at 547 (quoting *Pritchard*, 210 F.R.D. at 596), and a court should use "'a fairly lenient standard [that] typically results in ... certification,'" *id.* (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000)).

Therefore, the Court finds that neither the quality nor the quantity of proof submitted by Plaintiff bars conditional certification at this stage of the litigation.

**B. Individualized proof and defenses**

The Franchisee Defendants argue that the proof necessary to establish violations and damages will require an individualized inquiry and is not amenable to class adjudication. The Franchisee Defendants point out that Plaintiff only worked at the Papa John's store on Montgomery Road in Norwood, Ohio; and the pay and mileage compensation formulas vary significantly between the nine stores operated by the Franchisee Defendants. The Franchisee Defendants explain that they consult with an outside company to assess the delivery pay at their various stores, and as a result, the pay for delivery drivers changes over time. However, as one district court has explained:

> That the reimbursement methodology Papa John's used might vary over time and from location to location, does not mean that the named Plaintiff and the putative class members are not similarly situated. *See, e.g., Wass*, No. 09CV2254 JWL, slip op. at 12–13 (variations in individual vehicle expenses and in application of a common reimbursement policy do not refute substantial allegations that the plaintiffs are similarly situated);

4

> *Busler*, 2009 WL 2998970, at *3 (common policy of not paying overtime warranted conditional certification despite distinctions in pay policies from location to location).

*Perrin v. Papa John's Int'l, Inc.*, No. 4:09cv1335 AGF, 2011 WL 4089251, at *4 (E.D. Mo. Sept. 14, 2011); *see also Bellaspica v. PJPA, LLC*, 3 F. Supp. 3d 257, 260 (E.D. Pa. 2014) (individual variations are not sufficient at first stage to defeat certification where all the proposed opt-in plaintiffs were reimbursed at the same flat rate).

Instead, opt-in plaintiffs are similarly situated to the lead plaintiffs "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id*. at 584. The named plaintiff "need only show that [his] position [is] similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F.Supp.2d 863, 867–68 (S.D.Ohio 2011). "Courts often authorize notice to employees of restaurant locations where the named plaintiff did not work at all, as long as there is sufficient evidence that those employees were subject to the same allegedly unlawful policies." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) (collecting cases).

The Franchisee Defendants also argue that there are defenses to Plaintiff's claims which must be addressed on an individual basis. The Franchisee Defendants explain that Plaintiff did not accurately report his cash tips or his mileage. Therefore, according to the Franchisee Defendants, they will be forced to rely on this inaccurate information when they defend Plaintiff's individual claims, and will be required to conduct individual discovery to learn the accuracy of the information reported.

"When a plaintiff has made the minimal showing required at the notice stage, the

5

defendant cannot overcome [the] [p]laintiff's showing by arguing that individual issues may dominate; rather, that issue must be raised in a motion to decertify at the second stage of the certification process." *Noble v. Serco, Inc.*, 2009 WL 3154252, at *4, 2009 U.S. Dist. LEXIS 89709, at *10–11 (E.D.Ky. Sept. 28, 2009); *see also O'Brien*, 575 F.3d at 585 ("[T]he plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."). Defendants' arguments regarding individualized inquiries and defenses go to the merits of Plaintiff's claims, and are more appropriately raised at the decertification stage.

### C. Arbitration agreements

The Franchisee Defendants explain that delivery drivers at different stores at different points in time have executed different contracts generally titled "Agreement and Receipt of Dispute Resolution Program." (Doc. 43-1, Michael Hutmier Decl., ¶ 12). Even though Plaintiff's Agreement does not contain such a provision requiring him to arbitrate his claim on an individual basis, other delivery drivers at the Norwood Store are bound by such a provision. (Hutmier Decl., ¶¶ 12-13).

District courts "have consistently held that the existence of arbitration agreements is 'irrelevant' to collective action approval 'because it raises a merits-based determination.'" *Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013) (quoting *D'Antuono v. C & G of Groton, Inc.*, 2011 WL 5878045, at *4 (D.Conn. Nov. 23, 2011) (citing cases); *see also Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 752 (M.D. Tenn. 2018) (concluding that employees subject to arbitration agreement should still be provided notice and an opportunity to opt-in, as determining

whether arbitration program precludes a putative class member from joining the action is inappropriate at the class certification stage).[1]

However, the Fifth Circuit recently held that "district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019). The court explained that "an employer that seeks to avoid a collective action, as to a particular employee, has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee." *Id.* at 502-503. "[I]f the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others." *Id.* at 503.

While the Franchisee Defendants have provided evidence of the existence of an arbitration agreement, there are insufficient facts in the record regarding the validity of these agreements. Therefore, the Court will not make a determination at this time as to

---

[1]In *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 200 L. Ed. 2d 889 (2018), the Supreme Court held that that the Federal Arbitration Act requires enforcement of arbitration agreements waiving an employee's right to pursue his or her claims as a collective or class action, including those brought under the FLSA. Many courts which have addressed the issue have concluded that this holding will have little effect on the approach of permitting a broad class of similarly situated individuals to receive notice of a collective action even if some may be compelled to arbitrate their claims should they decide to opt in. *Geng v. Shu Han Ju Restaurant Ii Corp.*, No. 18cv12220, 2019 WL 4493429, at *8 (S.D.N.Y. Sept. 9, 2019) (citing *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16cv601, 2019 WL 358503, at *4 n.2 (S.D.N.Y. Jan. 29, 2019) ("even after *Epic* ... factual issues concerning opt-ins' arbitration agreements are properly deferred until after the initial stage of certification."); *Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 207 n.10 (D.D.C. 2018) (holding that *Epic* "does not change" the fact that the "enforceability [of arbitration agreements] must be determined on a case-by-case basis."); *Judd v. Keypoint Government Solutions, Inc.*, No. 18cv327, 2018 WL 7142193, at *5 (D. Colo. Dec. 4, 2018) ("Neither the FLSA nor the Tenth Circuit require that notice be withheld from potential class members merely because they signed an arbitration agreement. And the Supreme Court's decision in *Epic* does not compel a different conclusion.")).

whether these employees are subject to a valid arbitration agreement. *Accord Camp v. Bimbo Bakeries USA, Inc.*, No. 18-CV-378-SM, 2019 WL 1472586, at *3 (D.N.H. Apr. 3, 2019) (declining to reconsider conditional certification order on the basis of *JPMorgan* because defendant failed to produce sufficient evidence to establish validity of arbitration agreements of the covered workers).

Accordingly, the Court will permit notice to be sent to those employees subject to an arbitration agreement with the recognition that the agreements' enforceability will have to be determined at a later stage in the litigation.

### D. Joint liability

Defendant PJI argues that Plaintiff has not shown that he and all other putative collective action members are similarly situated with respect to their joint-employer allegations. PJI points out that another federal district court has already examined PJI's franchise business and concluded that PJI does not dictate its franchisees' compensation policies.[2]

An "employer" under the FLSA is broadly defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Separate entities that share control over an individual worker may be deemed "joint employers" under the FLSA. 29 C.F.R. § 791.2(a). "[A]ll joint employers are responsible, both individually and jointly, for compliance with" the FLSA. *Id.* At the notice stage of certification, where courts apply a "fairly lenient" standard to determine whether the named plaintiffs have demonstrated they are similarly situated to the opt-in plaintiffs, several courts have found it proper to conditionally certify an FLSA class that consists of

---

[2] PJI attaches excerpts of this decision to its Response. (Docs. 44-5, 44-6).

8

employees of related employers, and reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 762 (W.D. Tenn. 2011) (collecting cases). Based on the record before it, the Court sees no reason to depart from this practice.

For these reasons, the court finds that at the initial stage of the class certification process, Plaintiff has met his burden of showing that a collective action should be conditionally certified. The Court conditionally certifies the following FLSA collective class: All non-owner, non-employer delivery drivers who worked for Defendants at any "It's Only" Papa John's Pizza location from June 16, 2014 to present.

### E. Notice

Plaintiff requests that the Court authorize notice to: All non-owner, non-employer delivery drivers who worked for Defendants at any of the "It's Only" Papa John's restaurants from June 16, 2014 to present.[3] (See Doc. 24-6). Plaintiff seeks permission to send the notice through regular mail, email, and text message; and also post the notice at all of the Franchisee Defendants' stores. Plaintiff also seeks permission to allow putative plaintiffs to opt into the case via electronic signature.

This Court has explained that there is no "one-size-fits-all" approach to notifying putative class members. *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016). In *Hoffmann-La Roche Inc. v. Sperling*, the Supreme Court confirmed that trial courts have discretion to facilitate notice to potential plaintiffs in FLSA collective actions. 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

---

[3]Plaintiff agreed to amend the proposed notice to mirror the definition of the proposed collective class and clarify that the collective action does not include all Papa John's pizza restaurants "in the Cincinnati area," but only those owned and operated by the Franchise Defendants.

Defendants argue that a ninety-day notice period is excessive, and multiple forms of notice would be unnecessary.

In FLSA cases, first-class mail is generally considered to be the "best notice practicable" to ensure that proper notice is received by potential class members. *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011) (citing *Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009)). "Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram v. PHH Corp.*, No. 1:12–CV–599, 2012 WL 6676778, at *4 (S.D.Ohio Dec. 21, 2012).

This Court has approved a double method of notice in FLSA collective actions by U.S. mail to all current employees and additional email to former employees. *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017) (collecting cases). More recently, the trend in this Court is to allow both postal mail and email notice to all the putative class members. *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (collecting cases). This Court has reasoned that "[t]he use of two methods will (i) increase the likelihood that all potential opt-in plaintiffs receive notice of the suit and (ii) likely obviate the need to resend notice if an employee's home address is inaccurate." *Id*. Including a third method of texting putative class members, however, has not been allowed unless the named plaintiff can show that notice via postal and electronic mail is insufficient as to a given potential member. *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2017 WL 3500411, at *5 (S.D. Ohio Aug. 15, 2017). Similarly, posted notice has not been allowed unless it can be shown that other methods of service are impracticable or insufficient. *Fenley*, 170 F. Supp. 3d at 1075 (citing

10

*Lindberg v. UHS of Lakeside, LLC*, 761 F.Supp.2d 752, 765 (W.D.Tenn. 2011)); *cf. Brandenburg*, 2017 WL 3500411, at *6 (approving posting notice at restaurant locations as a low-cost, non-invasive way to ensure that timely and accurate notice of the lawsuit is conveyed to putative collective members). Because plaintiff has not shown that a third or fourth method of notice is necessary in this case, notice will be limited to postal mail and email notice to all the putative class members.

Plaintiff proposes a ninety-day notice period. However, Plaintiff does not state that he anticipates significant difficulties in locating potential class members. In similar cases, this Court has previously allowed a forty-five day opt-in period. *Hall*, 299 F. Supp. 3d at 900; *Heaps v. Safelite Sols., LLC*, No. 2:10-CV-729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011) (limiting opt-in period to forty-five days, when Plaintiffs proposed ninety, finding that the shorter period "satisfies the need to prevent delay in this litigation while also allowing potential plaintiffs time to fully consider their options"). The Court finds that a forty-five day notice period is adequate here.

Defendants maintain that the notice form should adequately describe the opt-in plaintiffs' potential discovery obligations. Defendants have not articulated anything unique about the discovery in this case which will be particularly burdensome. However, in a similar case, this Court has approved a notice which includes a statement that "opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial." *Brandenburg*, 2017 WL 3500411, at *9. This Court explained that this sentence "does nothing more than underscore the obligations that putative collective members would have if they opt in as plaintiffs." *Id*. Therefore, the Court concludes that this statement should be included in the notice.

11

Next, Defendants object to the proposed notice because it uses the term "Papa John's" without explaining that the claims against PJI require a finding of joint-employer liability. Plaintiff responds that including this language would make the notice confusing. The Court notes that purpose of the notice is to provide potential plaintiffs with a neutral discussion of the nature of the action. *Heaps v. Safelite Sols., LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *9 (S.D. Ohio Apr. 5, 2011) (citing *Monroe v. United Air Lines, Inc.*, 90 F.R.D. 638, 640 (D.C.Ill.1981)). To that end, the proposed notice already includes a statement that PJI denies liability: "The defendants deny the allegations and claims that they did not violate any wage and hour law." The Court finds that any additional, more specific information regarding PJI's defenses is unnecessary. *Accord Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:13-CV-01081, 2014 WL 3053210, at *1 (N.D. Ohio July 7, 2014) ("The straightforward statement that ERMC denies Gomez's allegations and asserts it did not violate the FLSA is sufficient to give prospective plaintiffs appropriate notice of the posture of this case.").

Finally, PJI objects to reject Plaintiff's request that the Court order Defendants to produce a computer-readable list of the names, last known addresses, telephone numbers, e-mail addresses, dates of employment, and job titles for all persons employed at the "It's Only" Papa John's Pizza restaurants because that information is in the possession of the Franchisee Defendants. Plaintiff does not dispute that the requested information may be in the possession of the Franchise Defendants; and does not object to an order which directs the Franchise Defendants to produce the information.

### III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice (Doc. 24) is **GRANTED**;

2. Plaintiff shall file an amended notice consistent with the court's findings herein **within fourteen (14) days** of entry of this Order;

3. The Franchisee Defendants shall provide to Plaintiff's counsel a computer-readable list of the names and contact information of all putative collective members **within fourteen (14) days** of entry of this Order;

4. Plaintiff's counsel may transmit, at Plaintiff's cost, notice of the lawsuit to putative collective members via electronic mail and first-class U.S. mail or equivalent means; and

5. Putative collective members may opt-in to the lawsuit within forty-five (45) days after mailing.

   **IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                       JUDGE MICHAEL R. BARRETT